UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HUDMET FUNDING, LLC

                       Plaintiff(s),

        -v-

MISSISSAUGA METALS AND ALLOYS,

                       Defendant(s).
------------------------------------------------------------X

12 Civ. 9184 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiff's letter, dated August 12, 2013, requesting a conference in anticipation of filing a motion for summary judgment (attached). The Court has also received defendant's letters, dated August 19 and 20, 2013, consenting in part and objecting in part to plaintiff's request (attached).

Counsel for all parties are directed to appear for a pre-motion conference with the Court scheduled for Thursday, August 29, 2013, at 9:30 a.m. in Courtroom 1305 at the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York 10007. Counsel should come to the conference prepared to discuss the anticipated motion and defenses.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 20, 2013
       New York, New York

LAW OFFICES OF GEORGE BIRNBAUM PLLC

GEORGE P. BIRNBAUM
ADMITTED NY & CT BARS

COUNSEL
PATRICIA FERRARI
ADMITTED NY BAR

LISA S. HOROWITZ
ADMITTED NY & CT BARS

230 PARK AVENUE
SUITE 1540
NEW YORK, NY 10169
(646) 861-2410
FAX: (646) 861-2512
EMAIL: GEORGE@GBIRNLAW.COM
GPBSCOUT@AOL.COM

22 OLD STUDIO ROAD
NEW CANAAN, CT 06840
(203) 972-3063

August 12, 2013

**BY EMAIL**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

     Re:  Case No. 12 CV 9184 / HudMet Funding, LLC v. Mississauga Metals
          and Alloys / Plaintiff's Request for Pre-Motion Conference

Dear Judge Engelmayer:

     This firm represents plaintiff HudMet Funding, LLC in the above-referenced matter.

     Pursuant to Paragraph 2(H) of Your Honor's Individual Rules and Practices in Civil Cases, and the leave granted by Your Honor in an Order dated August 5, 2013, I am writing to request a pre-motion conference in anticipation of plaintiff's motion for summary judgment on the grounds that no genuine dispute as to any material fact exists (Federal Rules of Civil Procedure 56(1)).

     The basis for the anticipated motion is as follows:

     1)     Plaintiff filed a complaint against defendant Mississauga Metals & Alloys ("MM-A") on November 13, 2012, alleging breach of contract for the sale by plaintiff and purchase by defendant of certain niobium ingots (the "Ingots"). Under the terms of this contract, the commercial transaction between the parties was to be have been completed by June 2012. MM-A, after having accepted only a single delivery, totally failed to comply with the remainder of the contract, thereby necessitating this action.

     2)     Plaintiff thereupon commenced this action in New York State Supreme Court on November 13, 2012. Defendant removed it to this United States District Court on the basis of diversity jurisdiction on December 17, 2012. Defendant then moved to dismiss for lack of personal jurisdiction on December 21, 2012. Plaintiff fully briefed its opposition to this motion,

Honorable Paul A. Engelmayer
Page 2
August 12, 2013

pointing out that the signed contract specifically and exclusively conferred jurisdiction on the New York courts. On April 22, 2013, the parties entered into a Stipulation of Settlement (the "Settlement," attached hereto). Your Honor ordered the case held in abeyance between April 22, 2013 and July 31, 2013 to allow consummation of the terms of the Settlement.

3)  In the Settlement, defendant agreed strictly to adhere to an attached schedule, whereby it would take delivery of and pay for specifically identified Ingots no later than the last day of each month, beginning in May 2013 and ending in July 2013 (the "Settlement Schedule," attached hereto). All of the Ingots were to have been taken and paid for -- concluding the entire transaction between the parties -- by July 31, 2013, over one full year later than the completion date set forth in the underlying contract of sale.

4)  Defendant has undeniably breached the Settlement. The final day of the Settlement Schedule has passed, and there still remain four Ingots (out of ten) which defendant has failed to take and for which it has failed to pay plaintiff the fixed, agreed-upon purchase price of $378,533.78 USD.

For the foregoing reasons, plaintiff respectfully submits that summary judgment is appropriate, granting plaintiff the relief requested in the Second Cause of Action for Breach of Stipulation of Settlement, as set forth in its Amended Complaint. Accordingly, plaintiff requests a pre-motion conference, pursuant to Your Honor's rules of practice, or, in the alternative, requests leave promptly to move for summary judgment.

Thank you for your continuing consideration of this matter.

Respectfully submitted,

Law Offices of George Birnbaum PLLC

By: _____
Lisa S. Horowitz [LH-5885]

cc: Jeffrey S. Lipkin, Esq. (by email)
    Deborah J. Chadsey, Esq. (by email)
    Attorneys for Defendant

LAW OFFICE OF
# JEFFREY S. LIPKIN
1000 C LAKE STREET
RAMSEY, NEW JERSEY 07446

(201) 962-3876

FAX (201) 962-3877

JEFF@JEFFLIPKINLAW.COM

August 19, 2013

**VIA E-MAIL**
Honorable Paul A. Engelmayer
U.S. District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

    Re:  12-cv-9184
         HudMet Funding, LLC v. Mississauga Metals and Alloys

Dear Judge Engelmayer:

  I am in receipt of the correspondence to Your Honor dated August 12, 2013, submitted by Lisa S. Horowitz, Esq., counsel for HudMet Funding, LLC. We have no objection to a pre-motion conference and in fact welcome the opportunity to discuss this further.

  We appreciate plaintiff's concern regarding our client's inability to complete the proposed purchases under the Stipulation of Settlement (the "Stipulation"). Our client entered into the Stipulation in good faith fully intending to fulfill all of its obligations however a substantial receivable from a Chinese client has made it impossible to comply with the schedule. Our client fully intends to fulfill all of its obligations, albeit on a delayed schedule. Perhaps it would be possible with the Court's assisted to determine an appropriate compensatory tool to allow the schedule under the Stipulation to be modified and completed without additional litigation expenses. Such an arrangement is perhaps warranted in this case because after plaintiff obtains a judgment it will need to enforce it in a foreign country which may in the end be more time consuming and expensive.

Our client very much appreciates the Court's patience and consideration throughout this matter.

> Respectfully submitted,
>
> s/*Jeffrey S. Lipkin*
>
> Jeffrey S. Lipkin

cc: Lisa S. Horowitz, Esq. (via e-mail)
    George Birnbaum, Esq. (via e-mail)

LAW OFFICE OF
# JEFFREY S. LIPKIN
1000 C LAKE STREET
RAMSEY, NEW JERSEY 07446

(201) 962-3876

FAX (201) 962-3877

JEFF@JEFFLIPKINLAW.COM

August 20, 2013

**VIA E-MAIL**
Honorable Paul A. Engelmayer
U.S. District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

        Re:    12-cv-9184
                  HudMet Funding, LLC v. Mississauga Metals and Alloys

Dear Judge Engelmayer:

        This firm represents defendants Mississauga Metals and Alloys in the above-referenced matter.

        Pursuant to Paragraph 2(H) of Your Honor's Individual Rules of Practices in Civil Cases, I am writing in response to plaintiff's request for a pre-motion conference in anticipation of their motion for summary judgment. Defendant consents in part and objects in part.

        In response to plaintiff's basis for the anticipated motion set out in Ms. Horowitz's August 12, 2013 letter, we dispute item number one (1) Defendant did not "totally fail" to comply with the contract and we assert that plaintiff breached the contract first by requiring conditions not contained in the written agreement.

        In response to item number two (2) Defendant agrees that plaintiff commenced this action in New York State Supreme Court on November 13, 2013 and that defendant removed it to this United States District Court on December 17, 2012. Defendant also agrees that they moved to dismiss the action for lack of personal jurisdiction on December 21, 2012 and that plaintiff filed a responding brief. Defendant denies that the contract confers exclusive jurisdiction in the New York Courts. Defendant agrees that the parties entered into the Stipulation of Settlement (the "Stipulation") on April 22, 2013.

In response to item three (3) Defendant agrees the Stipulation required the ingots to be purchased by the end of July 2013.

In response to item four (4) Defendant agrees that they were unable to purchase all of the ingots due to circumstances beyond their control but note for the Court that they have purchased six (6) out of ten (10) ingots and have requested an extension until October 31, 2013 to complete the purchase of the remaining four (4) ingots.

Defendant also states that the proposed amended complaint filed by the plaintiff seeks excessive damages that are unsupportable and unproven; that plaintiff should not be entitled to payment of the remaining balance without providing defendant with the material that such payment was intended to purchase; and that given the good faith efforts of defendant to this point, granting summary judgment on the terms contained in the proposed amended complaint would be a harsh and inequitable remedy for defendant's limited breach.

Based upon the foregoing defendant is amenable to the requested pre-motion conference but respectfully asks the Court to deny plaintiff's request for leave to move for summary judgment until after such conference.

Our client very much appreciates the Court's patience and consideration throughout this matter.

Respectfully submitted,

s/*Jeffrey S. Lipkin*

Jeffrey S. Lipkin

Doc#416082
cc:   Lisa S. Horowitz, Esq. (via e-mail)
      George Birnbaum, Esq. (via e-mail)